UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EASTERN AWNING SYSTEMS, INC., and STEPHEN LUKOS, | : : : | CIVIL ACTION NO. |
| Plaintiffs, | : : : | 3:01cv912 (RNC) |
| v. | : : : | |
| HAROLD'S CANVAS AND AWNINGS, INC., TOFF INDUSTRIES, INC. and HAROLD TOFFEY, | : : : : : | |
| Defendants. | : | NOVEMBER 9, 2004 |

## MOTION FOR RECONSIDERATION
## AND SUPPORTING MEMORANDUM

Pursuant to Rule 7(c) of the Local Rules of this Court, Plaintiffs Eastern Awning Systems, Inc. ("Eastern") and Stephen Lukos ("Lukos") respectfully move this Court to reconsider its ruling on the Defendants' Motion for Permission to File Motion for Summary Judgment, which ruling was dated November 3, 2004 and entered on the docket on November 5, 2004. Contrary to the representation in the Defendants' motion that the deadline for filing motions for summary judgment in this matter was November 1, 2004, the deadline actually set by this Court for that date concerned the filing of claims construction briefs to be addressed to claim 6(e) of the patent in suit. Rather than file such a brief, however, the Defendants have now interposed an untimely motion for summary judgment, essentially identical to a prior motion previously denied by this Court (Goettel, J.), that interferes with the scheduling order governing this matter.

**ORAL ARGUMENT REQUESTED**

The Defendants' Motion for Permission to File Motion for Summary Judgment (filing # 70) was filed on November 2, 2004. Pursuant to Local Rule 7(a), the Plaintiffs' opposition to the Defendants' motion was due to be filed within twenty-one days of the filing of the motion, or by November 23, 2004. This Court's Endorsement Order granting the Defendants' motion is dated November 3, 2004, and, therefore, was entered without hearing the Plaintiffs' opposition to the Defendants' motion. Accordingly, the Plaintiffs respectfully move this Court to reconsider its ruling and, in light of the Plaintiffs' opposition to the Defendants' motion expressed herein, vacate its prior Endorsement Order and deny the Defendants' motion. See Lo Sacco v. City of Middletown, 822 F. Supp. 870, 876 (D. Conn. 1993) ("the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence") (internal quotation marks omitted), aff'd mem., 33 F.3d 50 (2d Cir. 1994). In the alternative, the Plaintiffs respectfully request that the time in which to respond to the Defendants' Motion for Summary Judgment (filing # 72) be extended to at least twenty-one days from this Court's ruling on the claims construction issues presented in the Plaintiffs' Memorandum of Law Regarding Claim Construction, filed November 1, 2004 (filing # 69).

On May 28, 2004, this case was reassigned from Judge Gerard L. Goettel to this Court. (See filing # 64). Following the transfer, in a telephonic status conference with the Court on July 26, 2004, the parties agreed that, following a brief period in which the Plaintiffs could complete certain discovery previously ordered by the Court, the parties would file briefs addressed to the Court's construction of element 6(e) of claim 6 of United States Patent Number 5,273,095 (the "'095 Patent"). Subsequently, the parties mutually agreed and

proposed to this Court a scheduling order to govern the remaining progress of this case. (See filing # 66). Among other things, this proposed schedule contemplated that: (1) discovery would be completed by September 30, 2004 (id. at ¶ 1); (2) simultaneous briefs addressed to the issue of the Court's construction of claim 6(e) of the '095 Patent would be filed by November 1, 2004 (id. at ¶ 2); (3) simultaneous response briefs would be filed by November 22, 2004 (id. at ¶ 3); and (4) once this Court ruled on the claim construction issues, the parties would then propose to the Court a scheduling order to govern the issues remaining in the case (id. at ¶ 6).

On August 5, 2004, this Court accepted the parties' proposed scheduling order and directed the parties to submit simultaneous briefs on the construction of element 6(e) no later than November 1, 2004 (filing # 67) (the "August Order"). In accordance with the August Order, as well as the agreement reached during the July 26, 2004 telephonic conference, Plaintiffs filed their Memorandum of Law Regarding Claim Construction on November 1, 2004 (filing # 69).

The Defendants failed to file a brief in accordance with the August Order. Instead, on November 2, 2004, Defendants filed their Motion for Permission to File Motion for Summary Judgment (filing # 70) ("Motion for Permission"), presumably along with their motion, supporting memorandum of law, exhibits and Local Rule 56 Statement. On November 5, 2004, Plaintiffs received a copy of the Motion for Permission and a copy of Defendants' Motion for Summary Judgment Pursuant to Rule 56(c) ("Motion for Summary Judgment") (filing # 72), a memorandum of law in support of the Motion for Summary

Judgment (filing # 73) and Defendants' statement of undisputed facts (filing # 74). The Court granted Defendants' Motion for Permission on November 3, 2004. (filing # 71).[1]

A review of the Motion for Summary Judgment and supporting memorandum make clear that Defendants' submissions to the Court fail to comply with either the letter or the spirit of the August Order.[2] As set forth in Plaintiffs' Memorandum of Law Regarding Claim Construction, the issue of proper claim construction is an issue of law for the Court. See, e.g., Markman v. Westview Instruments, Inc., 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370, 116 S. Ct. 1384 (1996). The Defendants appear to agree with this settled proposition. See Defs.' Mem. of Law (filing # 73) at 3 ("First, the court construes the claims to correctly determine the scope of the claims.") (internal quotation marks omitted). Yet, the Defendants' filings are devoid of any attempt to present to this Court any construction of the disputed language in element 6(e) of the '095 Patent.

While Defendants, at best, mention the issue of claim construction in their memorandum in support of their Motion for Summary Judgment, the overwhelming majority of Defendants' focus and effort in their memorandum is spent on the factual issue of whether or not Defendants infringe the patent in suit. Such a focus is immaterial to the determination of proper claim construction. More importantly, however, is that, in so doing, the Defendants assume that the language of the patent in dispute in this case already has been

---

[1] Though the Fed. R. Civ. P. 5(d) certification of service included with all of these pleadings, excepting Defendants' Motion for Permission, certifies that copies were sent to Plaintiffs' counsel on November 1, 2004, copies were not in fact mailed to Plaintiffs' counsel until November 4, 2004, and were not received in Plaintiffs' counsel's office until November 5, 2004. A true and correct copy of the envelop in which these pleadings were served is attached hereto as Exhibit A.

4

construed. For example, the Defendants make much of a portion of the deposition of Plaintiffs' expert witness, where the questions and answers revolve around the topic of whether a vertical pitch adjustment rod is or is not "fixed." See Defs.' Mem. of Law (filing # 73) at 11. The relevant language from element 6(e) of claim 6 of the '095 Patent, however, is: "a threaded vertical pitch adjustment rod secured against vertical movement with respect to said bracket mounting means ...." See Complaint, Ex. A, at col. 6, ll. 23-25. While the language from the patent is accurately quoted in the Defendants' brief at page 11, the subject matter of the testimony relied upon and quoted from the deposition does not employ the same language. The Defendants nowhere even attempt to explain to this Court why or how it is that, in the context of the '095 Patent, the word "fixed" can be substituted for the language actually employed in the '095 Patent.

In light of the August Order, and the agreement of the parties, it would be inequitable and a waste of the Court's and the Plaintiffs' resources to force the Plaintiffs to respond to the Defendants' Motion for Summary Judgment before the disputed language of claim 6 of the '095 Patent has been construed by this Court. Because the Defendants' summary judgment papers do nothing to further that end, this Court should reconsider its ruling granting the Defendants leave to file their Motion for Summary Judgment. By the improper and untimely filing[3] of their Motion for Summary Judgment, Defendants have ignored the bounds of the August Order and have attempted to circumvent the claim construction process

---

[2]   In any event, the deadline for filing dispositive motions has long passed. (Docket Entry dated 01/07/2003, granting plaintiffs' motion to extend time to file dispositive motions until March 31, 2003).

[3]   As noted above (see footnote 2), the operative deadline for the filing of dispositive motions was March 31, 2003. While the Plaintiffs (and, presumably, the Defendants)

5

agreed to by the parties, and ordered by the Court, thereby imposing a definite and unequivocal prejudice to the Plaintiffs.

In the alternative to vacating the order allowing the filing of the Defendants' motion, the Plaintiffs respectfully request that the time in which to respond to the motion be extended to at least twenty-one days from this Court's ruling on the claims construction issue presented in the Plaintiffs' Memorandum of Law Regarding Claim Construction, which position is now unopposed. By affording this relief, the Plaintiffs will at least have before them the Court's construction of the claim language at issue for purposes of responding to the Defendants' motion.

PLAINTIFFS,
EASTERN AWNING SYSTEMS, INC., and
STEPHEN LUKOS,

By /s/ Lee A. Duval
Charles L. Howard (ct05366)
Patrick M. Fahey (ct13862)
Lee A. Duval (ct23387)
For Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5319
E-mail: choward@goodwin.com
Their Attorneys

---

anticipated seeking an extension of that deadline after this Court had ruled on the claims construction issues to be briefed by November 1, 2004, that deadline has not been extended.

## CERTIFICATION OF SERVICE

This is to certify that on this 9th day of November, 2004, a copy of the foregoing was mailed, via U.S. mail, postage prepaid, to:

Thomas G. Parisot, Esq.
Donald C. McPartland, Esq.
Secor, Cassidy & McPartland, P.C.
41 Church Street
P.O. Box 2818
Waterbury, CT 06723-2818

Dallett Hoopes, Esq.
Box 205
Litchfield, CT 06759

_____
Lee A. Duval

386113

# EXHIBIT A

