UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Eastern Awning Systems, Inc.; and | : | CASE NO. |
| Stephen Lukos | : | 301CV912 (GLG) |
| *Plaintiffs* | : | |
| | : | |
| Vs. | : | |
| | : | |
| Harold's Canvas and Awning, Inc.; Toff | : | |
| Industries, Inc.; and Harold Toffey | : | |
| *Defendants* | : | AUGUST 25, 2006 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
BRIEF ON CLAIMS CONSTRUCTION**

Pursuant to the Court's Order, dated July 19, 2006, the defendants respectfully submit this Response to Plaintiffs' Supplemental Brief on Claims Construction, dated August 7, 2006 ("Supplemental Brief").

I.   **THE COURT'S TENTATIVE CONSTRUCTION PROPERLY CONSTRUES THE CLAIM**

A. **Plaintiffs' Claim Construction Analysis is Inaccurate, Improper and Inconsistent**

1. *Infringement analysis is improper at this stage*

The plaintiffs' legal arguments relating to infringement are improper at this stage of a patent infringement case.

Patent infringement cases involve a two-part process. Ultra-Tex Surfaces, Inc. v. Hill Bros Chem. Co., 204 F.3d 1360, 1363 (Fed. Cir. 2000). Claims construction, the first part, entails ascertaining the scope and the meaning of the claims. Markman v.

Westview Instruments, 517 U.S. 370, 384 (1996). The second part, establishing whether the claims, as construed by the court, "read on the accused device," is only addressed after the court construes the claims. Id.

Plaintiffs improperly discuss infringement and the rules governing infringement analysis a number of times in their supplemental brief. See e.g. (P. Supp. Brief at 6; 14-15.) For example, plaintiffs' discussion of the accused device and the plaintiffs' use of Mr. Toffey's deposition testimony[1] are both irrelevant, as those arguments require infringement analysis. As such, the Court should not consider those arguments.

>  **2.** *"One skilled in the art" would not, from the plain words of claim 6(e), divine the plaintiffs' current interpretation of "secured against vertical movement" as being limited to the time when pitch is being adjusted.*

Plaintiffs' claim construction arguments have been notably inconsistent. In their Memorandum of Law Concerning Claim Construction, dated November 22, 2004, plaintiffs argue that the term "secured", as drafted in claim 6(e), means "guarded against" or "to make safe." (P. Mem. of Law at 9-10.)

Now, in contrast, the plaintiffs appear to argue that even if a "threaded vertical pitch adjustment rod secured against vertical movement" is defined to mean "fixed" against vertical movement, it is only "fixed" when performing the pitch adjustment

---

[1] In their Supplemental Brief on Claims Construction ("Supplemental Brief"), dated August 7, 2006, plaintiffs quote out of context, inaccurate deposition testimony in order to support their claim construction analysis. (P. Supp. Brief at 15.) Defendants take exception to the quoted portion of Mr. Toffey's deposition quoted on page 15 of the plaintiffs' Supplemental Brief, as it does not accurately reflect Mr. Toffey's position on that matter. At the Court's request, the defendants will submit a more detailed written rebuttal with respect to this issue.

feature. (P. Supp. Brief at 20-23.) Plaintiffs also contend that this Court's tentative construction reads an impermissible temporal limitation onto the claim. Id.

Plaintiffs are correct in their assertion that claim 6(e) does not contain an explicit temporal limitation. However, this is because the descriptive language and structure of claim 6(e) support the conclusion that "the threaded vertical pitch adjustment rod" is permanently "secured from vertical movement." Any alternative reading would be contrary to the ordinary meaning of the language within claim 6(e).

In claim 6(e), the phrase "a threaded vertical pitch adjustment rod secured against vertical movement with respect to said bracket mounting means" describes the element of that claim. The second phrase of the claim, which begins with the language "said pitch adjustment rod" (this language appears immediately after the comma) refers back to the element of that claim "a threaded vertical pitch adjustment rod secured against vertical movement with respect to said bracket mounting means." The post comma language following the words "said pitch adjustment rod" simply describes the function and purpose of the vertical pitch adjustment rod. Thus, in contrast to plaintiffs' assertion, the language in the second part of claim 6(e) is not gratuitous.

Furthermore, in drafting claim 6(e), plaintiffs' easily could have placed a comma between "a threaded vertical pitch adjustment rod" and "secured against vertical movement" if they had intended the claim to be construed as meaning the rod is secured against vertical movement only when it was "threadingly engaging said pivot barrel." Similarly, plaintiffs easily could have inserted a temporal reference, such as the word "when" or the word "while" to modify the meaning of the claim by clearly

delimiting the "threaded vertical pitch adjustment rod" as being "secured against vertical movement" <u>only</u> when it is "threadingly engaging said pivot barrel" and in use to adjust the pitch of the lateral arm.

Since the patentee must "define precisely what his invention is [,] . . . it is unjust to the public, as well as an evasion of the law, to construe it in a manner different from the plain import of its terms." <u>Phillips v. AWH Corp.</u>, 415 F.3d 1303, 1312 (Fed. Cir. 2005).

Given that the patentee chose not to include any language placing a limitation on when the rod is "secured against vertical movement with respect to said bracket mounting means," the only logical construction of the claim is that the rod is secured at all times.

For the reasons outlined in this Section, the Court's tentative conclusion properly construes the meaning of claim 6(e).

### B. Plaintiffs' Claim Limitation Argument is Unpersuasive

In their Supplemental Brief, plaintiffs assert that the defendants improperly "limit the language of element 6(e) based on a single drawing." (P. Supp. Brief at 2-5.) However, a review of the relevant pleadings demonstrates that the plaintiffs' argument is without merit.

It is well established that in construing a claim, the court determines the scope and the meaning of the claim. <u>Markman v. Westview Instruments</u>, 517 U.S. 370, 384 (1996). In doing so, it is appropriate to look at intrinsic evidence, which includes the

language used in the claim; the specifications; and the patent drawings. Scanner Techs. Corp. v. ICOS Vision Sys., 365 F.3d 1299, 1303-04 (Fed. Cir. 2004).

Here, the defendants did just that. In their claim construction brief, dated November 22, 2004, the defendants used one of the patent drawings (Figure 5) to illustrate their argument that the pitch adjustment rod is fixed from vertical movement at all times.  Specifically, defendants argued that "bolt 26, 27 is <u>fixed</u> in position, held from moving upward by the head 27." (D. Resp. to P. Mem. Of Law at 5.) In addition, the defendants assert that "[a]s the nut 27 is turned, the barrel 25 moves up or down the pitch adjustment rod 26. (<u>The rod does not move up or down</u>. . . .)" (D. Resp. to P. Mem. Of Law at 5.)

It is clear that the defendants' reference to the patent drawing was not intended to be dispositive, standing alone. Rather, the drawing was a way for the defendants to visually illustrate their construction of claim 6(e) for the Court.

Furthermore, defendants Claim Construction Brief primarily focused on the <u>language</u> of the claim. See Housey Pharm., Inc. v. Astrazeneca UK, Ltd., 366 F.3d 1348, 1352 (Fed. Cir. 2004) (claim construction should begin with the language of the patent claims and a court then examines those claims from the perspective of an individual of ordinary skill in the art of the invention).   In this case, defendants first looked at the "secured against vertical movement" language in claim 6(e). The defendants argued in their Claim Construction Brief and at oral argument (at the Markman Hearing), that the word "secured," as used in claim 6(e), is synonymous with the word "fixed" in describing mechanical structures. (D. Resp. to P. Mem. Of Law at 6.)

Overall, plaintiffs fail to articulate a basis for their assertion that the defendants' impermissibly limit claim 6(e) based on a single drawing. Nonetheless, plaintiffs' lengthy, legal recitation spans the course of four (4) pages, which only serves to confuse and convolute their 'argument.' In the end, plaintiffs' assertion that a single drawing served as the sole basis for defendants' claim construction, is unsupported by the record.

### C. Section 112 analysis is appropriate

Whether determining the validity of the patent or infringement of the patent, courts construe claims in the same manner. C. R. Bard, Inc. v. M3 Sys., Inc, 157 F.3d 1340, 1363 (Fed. Cir. 1998); see also Phillips, 415 F.3d at 1312 (where the court reasoned that the first two paragraphs of "section 112 frame the issue of claim interpretation" in reviewing the lower court's claim construction in a patent infringement case).

Under Section 112, a patentee needs to describe in the specification the invention in detail, and describe from the viewpoint of an individual skilled in the art, precisely how to make and use the claimed invention. 35 U.S.C. § 112. In a recent infringement case, The Federal Circuit concluded that the second paragraph of Section 112 "requires us to look to the language of the claims to determine what 'the applicant regards as his invention'." Phillips, 415 F.3d at 1312.

Since reference to Section 112 as a guide to claim construction analysis has been expressly advocated by the Federal Circuit, plaintiffs' argument to the contrary is misplaced. See (P. Supp. Brief at 10-12.)

### II. CONCLUSION

The plaintiffs have failed to advance a sound argument that warrants a conclusion other than the tentative conclusion reached by this Court. Accordingly, the defendants urge the Court to definitively conclude that the phrase "secured against vertical movement" in claim 6(e) means that the "adjustment rod" is "secured" or "fixed" at all times.

THE DEFENDANTS, Harold's Canvas and Awning, Inc.; Toff Industries, Inc.; and Harold Toffey

By: _____/S/_____
Thomas G. Parisot, for
Secor, Cassidy & McPartland, P.C.
41 Church Street, P.O. Box 2818
Waterbury, Connecticut 06723-2818
Phone No. (203) 757-9261
Fed. Bar No. ct 06319


By: _____/S/_____
 Dallett Hoopes, Esquire
 153 North Street
 P.O. Box 1112
 Litchfield, CT  06759
 Phone No. (860) 567-5455
 Fed. Bar No. ct 22710

## CERTIFICATION

I certify that on August 25, 2006, a copy of the foregoing Defendants' Response to Plaintiffs' Supplemental Brief on Claims Construction was filed electronically. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system. I further certify that a copy of the foregoing was mailed on the above date, postage prepaid, to all counsel of record. Parties may access this filing through the Court's system.

Charles L. Howard, Esquire
Patrick M. Fahey, Esquire
Shipman & Goodwin, L.L.P.
One Constitution Plaza
Hartford, CT 06103-2819

\_\_\_\_\_/s/_____
Thomas G. Parisot