UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EASTERN AWNING SYSTEMS, INC., and STEPHEN LUKOS, | : : : : : | CIVIL ACTION NO. 3:01cv912 (RNC) |
| Plaintiffs, | : : | |
| v. | : : | |
| HAROLD'S CANVAS AND AWNING, INC., TOFF INDUSTRIES, INC. and HAROLD TOFFEY, | : : : : : | |
| Defendants. | : | SEPTEMBER 5, 2006 |

## PLAINTIFFS' REPLY BRIEF ON CLAIMS CONSTRUCTION

Pursuant to the Court's July 19 Order, the plaintiffs respectfully submit this Reply Brief on Claims Construction.

**I.    There has been no evidence of invalidity offered by the defendants in this case, and their misleading invocation of 35 U.S.C. § 112 should be ignored.**

Contrary to the assertion in Defendants' Response to Plaintiffs' Supplemental Brief on Claims Construction ("Defs.' Response"), doc. 90, at 6, there has been no Section 112 "analysis" presented in this case. Rather, the Court has been presented only with defendants' mere recital of the statute at oral argument as part of a presentation of the law that that was incomplete and misleading. (See Pls.' Suppl. Br., doc. 88, at 10-12).

Defendants' assertion that courts construe claims in the same manner whether passing upon infringement issues or validity issues misses the point entirely. (See Defs.' Response at 6). The defendants (who would bear the burden on any invalidity claim by clear and convincing evidence) have not come forward with any evidence of invalidity in this case. As

noted in Plaintiffs' Supplemental Brief, for purposes of enablement, this would consist of demonstrating by clear and convincing evidence that "that which is disclosed in the specification plus the scope of what would be known to one of ordinary skill in the art without undue experimentation" would not enable one skilled in the relevant art to fashion an adjustment rod as claimed in Claim 6 of the Patent. Nat'l Recovery Techs. v. Magnetic Separation Sys., Inc., 166 F.3d 1190, 1196 (Fed. Cir. 1999) (emphasis added).

Simply reciting portions of 35 U.S.C. § 112 at oral argument hardly equates with such a showing. A party "cannot avoid a full-blown validity analysis by raising the specter of invalidity during the claim construction phase." Rhine v. Casio, Inc., 183 F.3d 1342, 1346 (Fed. Cir. 1999). Yet, this is precisely what the defendants have attempted to do here. By merely "raising the specter of invalidity" as an afterthought, the defendants have attempted to deflect this Court from construing the ordinary meaning of the disputed claim language and, in the process, deprived the plaintiffs and the Court of the ability to review or respond to any evidence of invalidity.[1]

## II. Defendants have misstated Plaintiffs' proposed claim construction.

In their Response Brief, defendants contend that the plaintiffs have been inconsistent with regard to their proposed construction of the '095 Patent and attribute to the plaintiffs a position that is at odds with the correct interpretation of the claim language. (See Defs.' Response at 2). Plaintiffs position is and continues to be unambiguous -- the plaintiffs interpret

---

[1] As noted in Plaintiffs' Supplemental Brief, the defendants' efforts in this regard are particularly egregious in light of their failure to come forward with any evidence of invalidity in response to the plaintiffs' discovery requests. (Pls.' Suppl. Brief at 10 n.5). This concern goes unanswered in the Defendants' Response.

the disputed claim language to mean that the adjustment rod is held (or guarded or made safe) against vertical movement ("secured against vertical movement with respect to said bracket mounting means") by "threadingly engaging ... [the] pivot barrel so as to selectively raise or lower [the] pivot barrel to adjust the equilibrium position of [the] arm." Contrary to defendants' assertion, plaintiffs do not contend that "secured against vertical movement," as used in element 6(e) of the '095 Patent, means "limited to the time when pitch is being adjusted." (Id.). Such an interpretation simply would read a different temporal limitation into claim language that contains no temporal limitation.

As pointed out in Plaintiffs' Supplemental Brief, plaintiffs' interpretation is not dependant on features of the accuse device (Pls.' Suppl. Br. at 6-10), and it is supported by the drawings in the specification—specifically Figures 1-3 (id. at 12-13), the written description (id. at 16-17), the language and context of the claim (id. at 17-20), and extrinsic evidence of the meaning of the word "secured" to those skilled in the art (id. at 14-15). These points go essentially unanswered in the defendants' Response Brief.

### III.   Conclusion.

As detailed in the plaintiffs' prior submissions, construing the meaning of the claim language at issue in this case involves "little more than the application of the widely accepted meaning of commonly understood terms." Phillips v. AWH Corp., 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc). Specifically, when "used with *from* or *against*," the ordinary meaning of the word "secure," as confirmed by a 1993 general purpose dictionary, is to "guard" or to "make safe." Webster's Third New International Dictionary 2053 (1993)

(emphasis in original) (attached as Ex. D to Pls.' Opening Brief, doc. 69).[2]  Moreover, the Federal Circuit confirmed in <u>Phillips</u> the importance of reading claim language in context.  <u>See</u> 415 F.3d at 1314 ("the context in which a term is used in the asserted claim can be highly instructive").  In this case, reading the claim language in context, it is clear that the construction of the word "secured" does not carry with it the notion of a permanently fixed, immoveable attachment advocated by the defendants, but, rather, that the use of the word with the preposition "against," conveys that the pitch adjustment rod must be guarded, made safe, or held "against vertical movement ... so as to selectively raise or lower said horizontal pivot barrel to adjust the equilibrium position of said lateral arm."

For the reasons stated above, and for the additional reasons set out in the plaintiffs' Opening Brief (doc. 69), Reply Brief (doc. 77), Notice of Subsequent Authority (doc. 79), and Supplemental Brief (doc. 88), the plaintiffs' urge the Court to reject the additional temporal limitation advocated by the defendants and to construe the claim terms in accordance with the plaintiffs' proposed construction.

---

[2] The <u>Phillips</u> Court held expressly that "we do not intend to preclude the appropriate use of dictionaries.  Dictionaries or comparable sources are often useful to assist in understanding the commonly understood meaning of words and have been used both by our court and the Supreme Court in claim interpretation."  415 F.3d at 1322.

4

PLAINTIFFS,
EASTERN AWNING SYSTEMS, INC., and
STEPHEN LUKOS,


By\_\_\_ /s/Patrick M. Fahey_____
    Charles L. Howard (ct05366)
    Patrick M. Fahey (ct13862)
    Lee A. Duval (ct23387)
    For Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT 06103
    Telephone: (860) 251-5000
    Facsimile:  (860) 251-5219
    E-mail:  pfahey@goodwin.com
    Their Attorneys


## CERTIFICATION OF SERVICE

I hereby certify that on this 5th day of September, 2006, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.


            /s/Patrick M. Fahey_____
            Patrick M. Fahey

445479 v.01